Thomas **PELLEGRINO**, Plaintiff,

v.

**AMERICAN GREETINGS CORPORATION, an Ohio corporation principally, doing business in or about the City of Cleveland, Ohio; et al. Defendant.**

**Civ. No. 83–5134.**

United States District Court,
D. South Dakota, W.D.

Aug. 2, 1984.

Thomas Pellegrino, pro se.

Gene, N. Lebrun, Lynn, Jackson, Shultz & Lebrun, Rapid City, S.D., for Budahl Drug, Inc., Gordon S. Budahl, American Greetings Corp. and Irving I. Stone.

Wayne F. Gilbert, Banks & Johnson, Rapid City, S.D., and David R. Schlee, Kansas City, Mo., and Tom Wilson, Universal

Press, Inc., Writer's Market and Bernadine Clark.

## MEMORANDUM OPINION

BOGUE, Chief Judge.

### FACTS AND PROCEDURAL HISTORY

Thomas Christopher Pellegrino, a/k/a Tom Christopher, pro se, has brought an action against the Defendants for copyright infringement, fraudulent trademark, and unfair competition. The Court has jurisdiction of this action under 28 U.S.C. § 1338 and 15 U.S.C. § 1121. The Plaintiff contends that the Ziggy cartoon character created by the Defendant Tom Wilson, and marketed, published, and broadcast by the other Defendants, infringes on the Plaintiff's copyrighted works *Gobble-Glunk of Whipple Gulch* and *Ziggy Meets the Mystical Children from Dreamland.* The Plaintiff further contends that the actions of the Defendants in marketing, promoting, and advertising the Ziggy cartoon strip and its licensed products constitutes unfair competition. Finally, the Plaintiff contends that the Defendants, by modifying and disguising the accuracy and meaning of the character Ziggy portrayed in his book *Gobble-Glunk of Whipple Gulch,* deceived the public and a fraudulently obtained title to the "Ziggy" trademark.

The Plaintiff has filed a motion for a preliminary injunction, and the Defendants have filed a motion for summary judgment. The Plaintiff also filed a motion to add additional parties, on which the Court reserved its ruling.

Sometime during the mid 1960's, the Plaintiff began work on his story entitled *Gobble Glunk of Whipple Gulch.* On or about July 17, 1969, the Plaintiff finished the work on his story *Gobble Glunk of Whipple Gulch* and made 500 xerox copies. On his trip from California to Washington, D.C. to have his story copyrighted, the Plaintiff claims to have distributed approximately 250 copies of his work free of charge to the general public. Prior to July 17, 1969, the Plaintiff did not distribute any copies to the public. He also did not show his work to anyone. On July 22, 1969, the Plaintiff copyrighted his work. After his work was copyrighted, he claims to have distributed the remaining 250 copies of his work. Later, the Plaintiff claims to have distributed anywhere from 3,000–10,000 additional copies of his work. On January 2, 1973, the Plaintiff copyrighted a second book entitled *Ziggy Meets the Mystical Children from Dreamland.* On April 22, 1983, the Plaintiff discovered that the Defendants were allegedly infringing on his copyright.

One of the characters of the *Gobble Glunk* book is named Ziggy. The book contains no drawing of Ziggy and neither does the second book *Ziggy Meets the Mystical Children from Dreamland.* The only description of Ziggy in *Gobble Glunk* is that he is a little boy. The Plaintiff admits that the physical characteristics of Ziggy are left to the readers' imagination.

The story of *Gobble Glunk* is as follows: Ziggy is a small boy who lives with his parents in an imaginary town called Whipple Gulch. A creature named Gobble Glunk is terrorizing the town. Ziggy seeks to defeat the creature by obtaining the Great Magic Bush, which is the only thing which can defeat the creature. In his search for the Magic Bush, he encounters a witch, a dwarf, a princess and a talking apple. When he finds the Magic Bush, he breaks off a branch, which he uses to kill the creature.

On the other hand, Tom Wilson claims to have created his Ziggy cartoon character prior to 1965. In 1968, Tom Wilson published and copyrighted a booklet entitled *When You're Not Around.* The character in the booklet had no name, but the figure is the same figure that appears in his later cartoon strips. In 1971, Tom Wilson was contacted by James F. Andrews of Universal Press Syndicate. Thereafter, Universal Press Syndicate and Tom Wilson entered into an agreement providing for, among other things, national syndication of a cartoon panel based on his Ziggy character. Since 1971, Universal Press Syndicate has

owned all rights, including, without limitation, federally registered copyrights and trademarks, in and to Tom Wilson's Ziggy cartoon character. The cartoon panel now appears in 315 newspapers, including the Defendant, Rapid City *Journal*. Andrews and McMeel, Inc., has published a number of books of Tom Wilson's Ziggy cartoons. Tom Wilson's Ziggy cartoon character appear on a wide variety of products sold worldwide pursuant to licensed agreements.

The Ziggy cartoon character created by Tom Wilson is a short, squat, bald person with a large nose and no ears. The character has a large round head, which dominates and appears roughly equal in size to the rest of his body. In contrast to the Plaintiff's Ziggy, Tom Wilson's Ziggy is an adult.

## DECISION

A Motion for Summary Judgment will be granted if there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). On a Motion for Summary Judgment, the facts are viewed in light most favorable to the non-moving party. *Trnka v. Elanco Products Co., A Division of Eli Lilly.* 709 F.2d 1223, 1225 (8th Cir.1983).

When a motion for Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, *must set forth specific facts showing there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him. F.R.C.P. 56(c) (emphasis added). Summary judgment has the "purpose of avoiding useless and time consuming trials in proper cases." *Trnka*, 709 F.2d at 1225.

## ELEMENTS OF PROOF IN PLAINTIFF'S CASE

■ The Plaintiff has the burden of proving that:

1) He is the owner of a copyright in issue; e.g. the author of the work;

2) The validity of the copyright (certificate of registration which establishes that the work is original and copyrightable, that there has been compliance with statutory formalities relating to registration and deposits and that the copyright is valid;

3) The copyright that was infringed, e.g., copied by the Defendant, and

4) That the Plaintiff has been damaged as a result of the infringement.

N. Boorstyn, *Copyright Law*, §§ 10:10–10:11 (1981).

"Since direct proof of copying is rarely available, the courts have established a presumption of copying based upon proof that the Defendant had access to the Plaintiff's work *and* that the two works are substantially similar." *Id.* § 10:12; *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir.1977) (emphasis added). There is no dispute that the first two elements have been met. The key issues are whether the Defendants had access to Plaintiff's work and whether the two works are substantially similar.

## ACCESS

■ "To establish access, Plaintiff need prove no more than the Defendant had a reasonable opportunity to see or hear Plaintiff's work. *Id.* § 10:13. The Plaintiff claims that he distributed up to 10,000 copies of *Gobble Glunk* around the country since 1969. The Defendant Tom Wilson, by affidavit, has denied ever seeing the Plaintiff's work. The Plaintiff has not, by affidavit or otherwise, disputed the Defendant Tom Wilson's claim. The Plaintiff stated that he did not show his work to anyone prior to July 17, 1969. However, Tom Wilson published and copyrighted a booklet entitled *When You're Not Around* in 1968. The character is not named Ziggy, the character is the same character that appears in his later cartoon strips. Thus, the Plaintiff's claim fails because the Defendant Tom Wilson's Ziggy was in a copyrighted

work before the Plaintiff ever showed his work to anyone. The Plaintiff has also failed to set forth any specific facts, by affidavit or otherwise, showing that the Defendant Tom Wilson had access to his work. Therefore, the Plaintiff's claim fails. Although this Court need not proceed further in order to dispose of the Plaintiff's claim, the Court will continue its analysis to show that the Plaintiff's claim is without merit.

## SUBSTANTIAL SIMILARITY

The Court in *Krofft* established a two part test to determine if there is a substantial similarity between the two works in question. The first test is whether there is a substantial similarity between the general ideas of the two works. If the first test is met, then the inquiry focuses on whether there is substantial similarity in the expression of ideas as well. *Krofft*, 562 F.2d at 1164. This first test is known as the extrinsic test.

> It is extrinsic because it depends not on the responses of the trier of fact, but on specific criteria which can be listed and analyzed. Such criteria include the type of artwork involved, the materials used, the subject matter, and the setting for the subject. Since it is an extrinsic test, analytic dissection and expert testimony are important. Moreover, this question may often be decided as a *matter of law*. (emphasis added).

*Krofft*, 562 F.2d at 1164.

If the first test is met, then the second test to be applied is the intrinsic test or the ordinary observer test. The two works involved "should be considered and tested, not hypercritically or with meticulous scrutiny, but by the observations and impressions of the average reader and spectator. Because this is an intrinsic test, analytic dissection and expert testimony are not appropriate." *Id.* This test is a factual test to be applied by the jury. *Id.* at 1166.

The Court is familiar with the character Ziggy as created by Tom Wilson. The Court has also read Plaintiff's work *Goggle Glunk of Whipple Gulch.* The Court is firmly convinced that the *only similarity* between the two is the name Ziggy. Using the extrinsic test set forth in *Krofft*, the Court finds that no substantial similarity exists. There are no pictures or description of physical characteristics of Ziggy in *Gobble Glunk.* Tom Wilson's Ziggy has very distinct, easily identifiable physical characteristics. Ziggy in *Gobble Glunk* is a small boy whereas Tom Wilson's Ziggy is an adult. Plaintiff's Ziggy lives with his parents in an imaginary town and has mystical adventures. Tom Wilson's Ziggy encounters everyday occurrences. The aforementioned criteria can be readily ascertained and analyzed. It is readily apparent that the Plaintiff's claim fails to show a substantial similarity in ideas as a matter of law, and thus, further analysis is unnecessary.

Although it is a general rule that summary judgment in a copyright case is to be granted rarely, in this case the Court is firmly convinced that there are no similarities between the two Ziggys other than the name. The fact that the two characters have the same name is insufficient. *See Warner Bros. Pictures v. Columbia Broadcast System,* 216 F.2d 945 (9th Cir. 1954).

█ Having disposed of the Plaintiff's copyright claim, we now turn to his claim of fraudulent trademark and unfair competition. In regard to the fraudulent trademark claim, the Plaintiff alleges that the Defendants infringed on the Plaintiff's copyright and secured a trademark as a result of the infringement. (Plaintiff's Complaint at 8–9). We have shown that the Defendant did not infringe on the Plaintiff's copyright and thus his claim for fraudulent trademark must fail. Furthermore, the Plaintiff has never used the name "Ziggy" as a trademark. Likewise, the Defendants have not infringed on the Plaintiff's copyright and because the Defendants have a valid "Ziggy" trademark, the Plaintiff's claim of unfair competition must also fail. Therefore, summary judgment is granted to Defendants on all three counts.